UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANTONIO LOPEZ-CACEREZ,<br><br>Petitioner,<br><br>v.<br><br>KEVIN McALEENAN, et al.,<br><br>Respondents. | Case No.: 19-cv-1952-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL (Doc. No. 2); AND**<br><br>**(2) GRANTING PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE/SET BRIEFING SCHEDULE, (Doc. No. 6)** |

Presently before the Court are Petitioner Miguel Antonio Lopez-Cacerez's ("Petitioner") (1) motion to appoint Federal Defenders of San Diego, Inc. as counsel, (Doc. No. 2); and (2) motion for order to show cause/set briefing schedule. For the reasons set forth below, the Court **GRANTS** both of Petitioner's motions.

**I.  BACKGROUND**

Petitioner is a native and citizen of Honduras. (Doc. No. 1 at 2.) He was ordered deported from the United States for the first time on February 15, 2000. (*Id.*) On November 24, 2019, Petitioner re-entered the United States, and was arrested on criminal immigration charges. (*Id.* at 3.) His removal order was reinstated. (*Id.*) A release order was issued on

1

February 8, 2019. (*Id.*) Eventually, he was taken into ICE custody. (*Id.*) Since Petitioner has been in immigration custody, Respondents have been unable to obtain travel documents to effectuate Petitioner's removal. (*Id.*) Petitioner has also requested travel documents from the Honduran consulate, but the consulate has allegedly refused to issue the documents or otherwise allow Petitioner to be deported to Honduras. (*Id.*) Petitioner has not been removed and has remained in immigration custody since February 2019. (Doc. No. 2 at 6.) On October 8, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release him from custody under the conditions of supervision as set forth in 8 U.S.C. § 1231(a)(3). Petitioner has paid the requisite filing fee, and now moves for appointment of counsel. (Doc. No. 2.)

## II. DISCUSSION

### A. Motion to Appoint Counsel

Federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," and if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them." *Id.*

Petitioner states he has been detained in immigration custody since February 2019 with no significant likelihood of removal by ICE in the reasonably foreseeable future. (Doc. No. 2 at 4.) He seeks relief in this Court but does not have sufficient income to retain counsel. (*Id.*) In seeking appointment of counsel, Petitioner contends that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), he is likely to succeed on the merits of his claim as his detention exceeds a period reasonably necessary to secure removal. *See Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (declaring that "in *Zadvydas*, [ ] the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of

six months after a final order of removal—that is, three months after the statutory removal period has ended") (citations omitted). Furthermore, Petitioner argues that due to the complex legal issues in the instant case in conjunction with his lack of legal training, this complicated area of law warrants the appointment of counsel. (Doc. No. 2 at 7–9.) Finally, Petitioner contends that appointment of counsel is necessary as there might be the potential need for an evidentiary hearing. (*Id.* at 9–10.)

Having reviewed Plaintiff's motion, the Court concludes that (1) Petitioner is financially eligible for appointment of counsel, (2) Petitioner has adequately demonstrated he is likely to succeed on the merits of his claim, and (3) his 28 U.S.C. § 2241 habeas petition involves complex legal issues. Accordingly, the Court **GRANTS** Petitioner's motion for appointment of counsel.

### B. Motion for Order to Show Cause/Set Briefing Schedule

Having considered the motion for order to show cause/set briefing schedule, and other filings in this matter, and good cause having been shown by Petitioner, the Court **ORDERS** Respondents to show cause as to why a writ of habeas corpus should not issue.

(1) Respondents will file and serve a return to the petition on or before **March 11, 2020**, showing cause why the writ should not be granted; and

(2) Petitioner may file a traverse to Respondents' return on or before **March 25, 2020**.

## III. CONCLUSION

Based on the foregoing, Petitioner's motion to appoint counsel is **GRANTED**. The Court **APPOINTS** the Federal Defenders of San Diego, Inc. to represent Petitioner. The Clerk of Court is **ORDERED** to adjust the Docket in this case to reflect the appointed

///

///

| | |
|---|---|
| 1 | counsel. Petitioner's motion for order to show cause/set briefing schedule is also |
| 2 | **GRANTED**. The parties are to comply with the filing dates consistent with this order. |
| 3 | **IT IS SO ORDERED.** |
| 4 | Dated: February 26, 2020 |

*[signature]*

Hon. Anthony J. Battaglia
United States District Judge